Dahiya Law Offices LLC
350 Broadway Suite 412
New York NY 10013

Tel: 212 766 8000
Fax: 212 766 8001

**Hon. Judge Roslynn R. Mauskopf**                              December 11, 2012
**United States District Court**
**Eastern District of New York**
**225 Cadman Plaza East**
**Brooklyn, NY 11201**

Re: Kramer v. Mahia
Case No. 12-mc-00832-RRM

Dear Judge:

I represent the Defendant, Mr. Tozammel Mahia, in the aforesaid lawsuit. I am writing to request a conference regarding the 'withdrawal of reference' from the bankruptcy court of this district, as well as for directions regarding pretrial discovery.

Mr. Mahia, a non-debtor Defendant has invoked the right to be heard by an Article III Judge along with the demand for a jury trial regarding the fraudulent conveyances action initiated in the bankruptcy court by the panel trustee, the Plaintiff herein. Bankruptcy trustee's power to avoid a fraudulent conveyance is "more accurately characterized as a 'private' rather than 'public right'" as these terms are used in "Article III decisions." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 55 (1989). Further, if a cause of action "is not a 'public right' for Article III purposes, then Congress may not assign its adjudication to a specialized non-Article III court lacking 'the essential attributes of the judicial power.'" *Id.* at 53 (quoting *Crowell v. Benson*, 285 U.S. 22, 51 (1932)). This private right does not fall within the narrow categories of "exceptional" grant of power to the executive and legislative branch involving territorial courts, military tribunals and public rights as identified by Supreme Court. *Northern Pipeline Constr. Co. v. Marathon Pipeline Co.* 458 U.S. 50 (1982). Private right issues cannot be assigned to non-Article III tribunals for adjudication without the express consent of the litigants. *Commodity Futures Trading Comm'n v. Schor* 478 U.S. 833 (1986).

Further, upon request for a jury trial, the bankruptcy court cannot continue to assume jurisdiction on the underlying action, as Seventh Amendment is a bar to assignment of such private rights issues to a non-Article III tribunal. See also *McCarthy v. Bronson*, 500 U.S. 136, 144 (1991)(approving of statutory construction that would not authorize a claim to be referred to a magistrate when a right to jury trial is asserted). Moreover, the Seventh Amendment bars congressional

assignment of adjudicatory authority over state-law claims to administrative agency. See *Coit Independence Joint Venture v. Federal Savings and Loan Insurance Corp.* 489 U.S. 561, 578 (1989).  The motion for withdrawal of reference delineates grounds for such withdrawal from the bankruptcy court.

Wherefore, it is respectfully submitted that the Court schedule a conference regarding the above stated matter as early as possible. Thank you for your consideration.

_____
Karamvir Dahiya, Esq. for Defendant

Copy to:

The Law Offices of Avrum J. Rosen, PLLC
Counsel for Trustee Debra Kramer, Plaintiff
38 New Street, Huntington, NY 11743